**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM LARRY WEAVER, | No. 08-36057 |
| Petitioner - Appellant, | D.C. No. 9:06-cv-00094-DWM |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF MONTANA; et al., | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted March 2, 2010
Portland, Oregon

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

William Larry Weaver filed a petition for federal habeas relief under the

Anti-Terrorism and Effective Death Penalty Act ("AEDPA") after the one-year

statute of limitations had run. 28 U.S.C. § 2244(d)(1). He argues that this court

can nonetheless hear his claims because he can establish his actual innocence,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

which he contends equitably tolls the statute of limitations.  The district court held that Weaver did not make a sufficient showing of actual innocence and accordingly dismissed his petition as time-barred.  We review de novo the district court's rulings on Weaver's showing of actual innocence and on his entitlement to equitable tolling.  *See House v. Bell*, 547 U.S. 518, 539–40 (2006) (actual innocence); *Malcolm v. Payne*, 281 F.3d 951, 955–56 (9th Cir. 2002) (equitable tolling).  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Under *Schlup v. Delo*, a habeas petitioner can overcome a state procedural bar to relief by making a "gateway" showing of "actual innocence."  513 U.S. 298, 316 (1995).  It is an open question in this circuit whether a showing of actual innocence can similarly excuse a failure to comply with AEDPA's one-year statute of limitations.  We do not resolve that question here, however, because we conclude that Weaver has not made an adequate showing of actual innocence under the *Schlup* standard.

*Schlup* allows a federal habeas petitioner to obtain review of procedurally defaulted claims if he presents "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and that establishes that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond

2

a reasonable doubt." *Id*. at 324, 327. Although Weaver offers some new evidence tending to undercut the credibility of the state's key witness against him and other new evidence tending to corroborate others' incriminating statements, this evidence does not significantly differ from the evidence that the jury considered at trial. We therefore conclude that this new evidence does not make it "more likely than not that no reasonable juror" would have convicted him. *Id.* at 327. Even considering the evidence that the district court declined to consider, we find that Weaver cannot establish his actual innocence under *Schlup*. We therefore do not reach Weaver's claim that the district court improperly limited the scope of evidence that he could present.

Because we deny Weaver's gateway actual innocence claim, we do not reach the government's argument that the district court erroneously granted Weaver an evidentiary hearing in contravention of 28 U.S.C. § 2254(e)(2).

AFFIRMED.

3